Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| In re: Purfoods, Inc. Data Security Litigation | Case No.: 4:23-cv-00332-RGE-SBJ |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement, dated as of October 21, 2024 is made and entered into by and among the following Settling Parties (as defined below): Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class (as defined below), by and through Proposed Settlement Class Counsel (as defined below), and Defendant PurFoods, LLC d/b/a Mom's Meals ("PurFoods" or "Defendant") (together with Plaintiffs, the "Parties" or "Settling Parties"). The Settlement Agreement (as defined below) is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.   CASE HISTORY

Plaintiffs allege that between January 16, 2023 and February 22, 2023, cybercriminals gained access to PurFoods' computer systems and accessed personally identifying information, financial account information, and private health information relating to a subset of PurFoods' current and former customers, employees, and/or independent contractors (the "Data Incident"). Specifically, Plaintiffs allege that the following categories of information were potentially compromised in the Data Incident, including, but not limited to full names, email addresses,

employee ID numbers, dates of birth, Social Security numbers, and/or medical and health insurance information (collectively, the "Private Information"). PurFoods discovered this intrusion on February 22, 2023, and took steps to secure its systems. In August and September of 2023, PurFoods sent notice of the Data Incident to 1,249,219 individuals.

Between late August and September of 2023, ten putative class action lawsuits ("Related Actions") were filed against PurFoods asserting similar and overlapping claims arising from the Data Incident. Upon joint motion by Plaintiffs and Defendant in the Related Actions, the cases were consolidated on October 10, 2023. And on November 28, 2023, the Plaintiffs in the Related Actions filed their Consolidated Class Action Complaint (the "Complaint").

In January 2024, the Parties began settlement discussions. Thereafter, the Parties agreed to attend a full-day mediation on May 6, 2024, before Jill Sperber, Esq., of Judicate West. Prior to the mediation, the Parties engaged in an informal exchange of information and documents and presented their positions and arguments in confidential submissions to Ms. Sperber. At the May 6, 2024 mediation, the Parties were able to reach an agreement in principle following back-and-forth arms'-length negotiations and advocacy by counsel on behalf of the Parties. This accepted settlement is memorialized in this agreement ("Settlement Agreement").

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against PurFoods and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Representative Plaintiffs and the Settlement Class (as defined below).

## II.    CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING

Plaintiffs believe the claims asserted in the Litigation, as set forth in their Complaint, have merit. Plaintiffs and Proposed Settlement Class Counsel recognize and acknowledge, however, the

expense and length of continued proceedings necessary to prosecute the Litigation against PurFoods through motions practice, trial, and potential appeals. Plaintiffs have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions like this. Proposed Settlement Class Counsel are highly experienced in class action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in this Litigation. Proposed Settlement Class Counsel have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

PurFoods denies each and all of the claims and contentions alleged against it in the Litigation. PurFoods also denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation, and further denies that Plaintiffs or Settlement Class Members have been injured by, or are entitled to any damages arising from, PurFoods' alleged actions or omissions. Nonetheless, in consideration of the uncertainty and risks inherent in any litigation, PurFoods determined that it is desirable and beneficial that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. PurFoods' entry into this Settlement Agreement is not, and shall not be interpreted as, an admission of liability.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, in consideration of the covenants and agreements set forth herein, by and among Plaintiffs, individually and on behalf of the Settlement Class; Proposed Settlement Class Counsel; and PurFoods that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully

compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Settlement Class, except those members of the Settlement Class who lawfully opt out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1.      **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Agreement" or "Settlement Agreement" means this agreement, including all amendments and exhibits hereto.

1.2      "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711, *et seq.*, to be served upon the appropriate State official in each State where a Settlement Class Member resides and the appropriate federal official. Costs for preparation and issuance of the CAFA Notice will be paid by Defendant from the Settlement Fund.

1.3      "Claim Form" means the claim form to be used by Settlement Class Members to submit a Settlement Claim, either through the mail or online through the Settlement Website, substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

1.4      "Claimed Settlement Benefit" means any Settlement Payment, the Credit Monitoring and Insurance Services, and any other benefits Settlement Class Members receive pursuant to this Settlement, including non-monetary benefits and relief.

1.5      "Claims Deadline" means the date by which all Claim Forms must be submitted by a Settlement Class Member to the Settlement Administrator to be timely. This date shall be set as ninety (90) days after the Notice Commencement Date.

1.6     "Complaint" means the operative Consolidated Class Action Complaint, at Docket Entry Number 30, filed in the Litigation on November 28, 2023.

1.7     "Costs of Settlement Administration" means all actual costs associated with or arising from Settlement Administration, including, without limitation: all expenses and costs associated with providing Notice to Settlement Class Members, locating Settlement Class Members, performing National Change of Address searches or skip tracing, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the portions and benefits of the Settlement Fund to Settlement Class Members. Costs of Settlement Administration also includes all reasonable fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

1.8     "Court" means the United States District Court for the Southern District of Iowa.

1.9     "Cy Pres Designee" means an entity mutually agreed upon by the Parties and submitted to the Court in a subsequent filing who may receive unclaimed residual funds, as set forth in Paragraph 8.6, subject to approval by the Court.

1.10    "Data Incident" means the data security incident affecting PurFoods during the period beginning on or around January 16, 2023, and ending on or around February 22, 2023.

1.11    "Defendant" or "PurFoods" means PurFoods, LLC d/b/a Mom's Meals.

1.12    "Defendant's Counsel" and "PurFoods' Counsel" means Kathryn E. Cahoy, Micaela R.H. McMurrough, and Teena-Ann V. Sankoorikal of Covington & Burling LLP and Matthew A. McGuire and Michael W. Thrall of Nyemaster Goode P.C.

1.13    "Effective Date" means the date on which all of the following events have occurred: (a) the Court has entered both the Final Approval Order and the Judgment, and (b) either: (i) the time to appeal from the Judgment and all orders entered in connection with the Judgment has

expired and no appeal has been taken; or (ii) if a timely appeal of the Judgment or any order entered in connection with the Judgment is taken and the Judgment and all orders entered in connection with the Judgment are not reversed in any way, the date on which the Judgment and all orders entered in connection with the Judgment are no longer subject to further direct appellate review. Notwithstanding the above, any order modifying or reversing any Fee Award and Costs or Service Award made in this case shall not affect the determination of the Effective Date or any other aspect of the Judgment.

1.14    "Fee Award and Costs" means the amount of attorneys' fees and reimbursement of litigation costs to be awarded by the Court to Proposed Settlement Class Counsel.

1.15    "Final Approval Hearing" means the hearing(s) to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment.

1.16    "Final Approval Order and Judgment" or "Judgment" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, finally certifies the Settlement Class for settlement purposes, dismisses all claims in the Action against Defendant with prejudice, releases the Released Parties from the Released Claims as set forth herein, bars and enjoins the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment, includes as an exhibit a list of individuals who timely and validly opted out of the Settlement, and satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects. The Final Approval Order and Judgment shall be materially in the form of the proposed Final Approval Order and Judgment attached as **Exhibit E**, subject to such non-substantive modifications as the Court may direct.

1.17    "Litigation" means the ten Related Actions filed in the Court and consolidated in the class action captioned *In re: PurFoods, Inc. Data Security Litigation*, Case No. 4:23-cv-00332-RGE-SBJ (S.D. Iowa).

1.18    "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.19    "Net Settlement Fund" refers to the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for the payment from the Settlement Fund for (i) the Costs of Settlement Administration; (ii) Taxes and Tax-Related Expenses; (iii) Service Awards; and (iv) Fee Award and Costs.

1.20    "Notice Commencement Date" means forty-five (45) days following entry of the Preliminary Approval Order. The Notice Commencement Date shall be used for purposes of calculating the Claims Deadline, the Opt-Out Date and Objection Date, and all other deadlines that flow from the Notice Commencement Date.

1.21    "Objection Date" means the date by which members of the Settlement Class must mail to Proposed Settlement Class Counsel and PurFoods' Counsel or, in the alternative file with the Court, their objection to the Settlement Agreement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. Such deadline shall be sixty (60) days after the Notice Commencement Date.

1.22    "Opt-Out Date" means the date by which Settlement Class Members must mail or submit their requests to be excluded from the Settlement Class, in the form and manner provided for in Section 4 of this Agreement, for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes. Such deadline shall be sixty (60) days after the Notice Commencement Date.

1.23    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.24    "Plaintiffs" and "Representative Plaintiffs" mean Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge.

1.25    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached as **Exhibit C** to this Settlement Agreement.

1.26    "Proposed Settlement Class Counsel" means Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood.

1.27    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality; violations of state consumer protection statutes; violations of state privacy-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute

or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of other personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. "Released Claims" shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.28    "Released Persons" means PurFoods, as well as its past or present agents, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents, successors, heirs, predecessors in interest, joint ventures, and commonly controlled corporations. "Released Persons" includes, without limitation, any Person related to PurFoods who is, was, or could have been named as a defendant in any of the actions in the Litigation (including any of PurFoods' employees or independent contractors), other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

1.29   "Releasing Parties" means the Representative Plaintiffs, all Settlement Class Members who have not timely and validly excluded themselves from the Settlement Class as set forth in Section 4 of this Agreement, and any person or entity claiming by, for, on behalf of, or through them.

1.30   "Request for Exclusion" is the written communication by or on behalf of a Settlement Class Member in which he or she requests to be excluded from or "opt-out" of the Settlement Class in the form and manner provided for in Section 4 of this Agreement.

1.31   "Service Award" or "Service Awards" means the amount of remuneration to be paid to the Representative Plaintiffs in recognition of their efforts on behalf of the Settlement Class, in an amount to be ordered by the Court, as set forth in Section 7.

1.32   "Settlement Administration" means the process of identifying members of the Settlement Class, notifying Settlement Class Members, and Settlement Distribution.

1.33   "Settlement Administrator" means Kroll Settlement Administration ("Kroll"), a company experienced in administering class action settlements generally and specifically those of the type provided for and made in data breach litigation.

1.34   "Settlement Claim" means the process through which a Settlement Class Member, after receiving due notice, submits a Valid Claim to the Settlement Administrator identifying the Claimed Settlement Benefit elected by the Settlement Class Member.

1.35   "Settlement Class" means all residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.  The Settlement Class specifically excludes: (i) PurFoods and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate

Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

1.36    "Settlement Class Member(s)" means all persons meeting the definition of the Settlement Class who have not timely opted out of the Settlement.

1.37    "Settlement Distribution" means the process by which the Settlement Administrator will disburse the Net Settlement Fund to Settlement Class Members.

1.38    "Settlement Fund" means a Qualified Settlement Fund for which PurFoods will be a "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) with respect to the amounts transferred, and for which the Settlement Administrator will be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the Settlement Fund, paying from the Settlement Fund any taxes owed by or with respect to the Settlement Fund, and complying with any applicable information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-2(*l*)(2) or any other applicable law on or with respect to the Settlement Fund and in accordance with this Agreement.

1.39    "Settlement Payment" means any payment to be made to any Settlement Class Member who submits a valid and timely Claim Form pursuant to Paragraphs 2.2 through 2.4.

1.40    "Settlement Website" means a website, the URL for which shall be mutually selected by the Settling Parties, that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, as well as provide Settlement Class Members with the ability to submit a Settlement Claim online.

1.41    "Settling Parties" means, collectively, PurFoods and Plaintiffs, individually and on behalf of the Settlement Class.

1.42    "Short Notice" means the short form notice of the proposed class action settlement, substantially in the form as shown in **Exhibit D** to this Settlement Agreement. The Short Notice will direct recipients to the Settlement Website and inform members of the Settlement Class of, among other things, the Claims Deadline, the Opt-Out and Objection Dates, and the date of the Final Approval Hearing (if set prior to the Notice Commencement Date (as defined above)).

1.43    "Taxes and Tax-Related Expenses" means any and all applicable taxes, duties, and similar charges imposed by any government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect to the Settlement Fund.

1.44    "Total Settlement Consideration" means the sum of four million two hundred fifty thousand U.S. Dollars and Zero Cents ($4,250,000.00) paid by or on behalf of PurFoods, as specified in Paragraph 2.1.  The Total Settlement Consideration represents the total extent of the Released Persons' monetary obligations under this Settlement Agreement.

1.45    "Unclaimed Fund" means the portion of the Net Settlement Fund that remains after the payment of the Costs of Settlement Administration, Service Award, Fee Award and Costs, Taxes and Tax-Related Expenses, Credit Monitoring and Insurance Services, and after the expiration of checks issued to Settlement Class Members who submitted a valid and timely Claim Form for Documented Loss Payments and/or Cash Awards, and any Subsequent Settlement Payment as described in Paragraph 8.6.

1.46    "Unknown Claims" means any of the Released Claims that any of the Releasing Parties does not know or suspect to exist in his or her favor at the time of the release of the Released

Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, all Releasing Parties intend to waive and expressly shall have waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11) that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Releasing Parties may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Releasing Parties expressly shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.47   "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.48    "Valid Claim" means a Settlement Claim submitted by a Settlement Class Member that indicates the Settlement Class Member's Claimed Settlement Benefit election, and provides the Settlement Administrator with correct information for disbursal of a Documented Loss Payment or Cash Award, and that is sent to the Settlement Administrator prior to the Claims Deadline.

**2.    Settlement Benefits**

2.1    <u>The Settlement Fund:</u>

(a)    Within thirty (30) days of the date of entry of the Preliminary Approval Order, PurFoods shall pay an advance on the Costs of Settlement Administration to the Settlement Administrator in the amount of $510,000.00, to be held in an interest-bearing account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator and PurFoods (the Settlement Fund).  PurFoods shall issue a payment representing the remainder of the Total Settlement Consideration within thirty (30) days of the Effective Date. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's total liability shall not exceed $4,250,000.00, inclusive of attorneys' fees, costs, and expenses.  The timing set forth in this provision is contingent upon the receipt by Defendant of a W-9 from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued.  If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, each of the payments specified by this paragraph shall be made by the later of the date

specified in this paragraph or thirty (30) days after Defendant receives the W-9 information from the Settlement Administrator.

(b)     Except for the cost of any past or future business practice changes, set forth in Paragraph 2.5, the payments made into the Settlement Fund reflecting the Total Settlement Consideration are the limit and extent of the total monetary obligations of PurFoods and any of the Released Persons with respect to this Agreement and the settlement of the Litigation.

(c)     The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1, and that the Settlement Administrator shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. Funds may be placed in a non-interest-bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

(d)     As further described in this Agreement, the Settlement Fund shall be used by the Settlement Administrator to pay the following: (i) Costs of Settlement Administration; (ii) Taxes and Tax-Related Expenses; (iii) Service Awards; (iv) Fee Award and Costs; and (v) the Claimed

Settlement Benefit elected by Settlement Class Members who submit Valid

Claims pursuant to the terms of this Settlement.

2.2     Settlement Payments. Each Settlement Class Member who submits a valid and

timely Claim Form may qualify for one of the following:

(a)     Cash Award. Settlement Class Members who submit a valid and timely

Claim Form may elect to receive a payment (a "Cash Award"). The amount

of the Cash Award will be calculated in accordance with Paragraph 2.4(b).

(b)     Documented Loss Payment. In the event a Settlement Class Member does

not elect a Cash Award, the Settlement Class Member may submit a claim

for a Settlement Payment of up to $5,000.00 for reimbursement in the form

of a Documented Loss Payment. Documented Losses may include:

(i) unreimbursed losses relating to fraud or identity theft; (ii) professional

fees including attorneys' fees, accountants' fees, and fees for credit repair

services; (iii) costs associated with freezing or unfreezing credit with any

credit reporting agency, and (iv) unreimbursed bank fees, long distance

phone charges, postage, or gasoline for local travel.  This list of

reimbursable documented out-of-pocket expenses is not meant to be

exhaustive, rather it is exemplary.  Settlement Class Members may make

claims for any documented unreimbursed out-of-pocket losses reasonably

related to the Data Incident or to mitigating the effects of the Data Incident.

The Settlement Administrator shall have discretion to determine whether

any claimed loss is reasonably related to the Data Incident.  To receive a

Documented Loss Payment, a Settlement Class Member must elect to do

so on their Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss; and (iii) reasonable documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement.   Reasonable documentation can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred.  "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.  If the Settlement Administrator determines that a particular Settlement Class Member's Documented Loss claim is ineligible for a Documented Loss Payment or insufficiently substantiated, that Settlement Class Member shall instead be deemed to have elected the Cash Award option.

2.3    <u>Credit Monitoring and Insurance Services</u>. Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive three (3) years of three-bureau Credit Monitoring and Insurance Services ("CMIS") regardless of whether they also make a claim for a Settlement Payment pursuant to Paragraph 2.2. The CMIS will be provided by Kroll. The CMIS will have an enrollment period of twelve (12) months after the enrollment codes are sent to Class Members claiming this benefit. The CMIS will include the following services to be provided to each Settlement Class Member who submits a valid and timely Claim Form and elects the CMIS: (i) up to $1 million dollars of identity theft insurance coverage; (ii) three-bureau credit monitoring providing notice of changes to the Settlement Class Member's credit profile; (iii) alerts for activity

including new inquiries, new accounts created, change of address requests, changes to public records, postings of potentially negative information, and other leading indicators of identity theft; (iv) customer care and dedicated fraud resolution agent; (v) comprehensive educational resources; and (vi) extended fraud resolution.

      2.4    <u>Distribution of Settlement Payments</u>.

      (a)    The Settlement Administrator will first apply the Net Settlement Fund to pay for CMIS claimed by a Settlement Class Member who submits a valid and timely Claim Form. If funds remain in the Net Settlement Fund after paying for the CMIS, the Settlement Administrator will next use the Net Settlement Fund to pay all Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied and the payments for the CMIS are made shall be referred to as the "Post Loss Payment Net Settlement Fund."

      (b)    The Settlement Administrator shall utilize the Post Loss Payment Net Settlement Fund to make all Cash Award payments pursuant to Paragraph 2.2(a). The amount of each Cash Award payment shall be calculated by dividing the Post Loss Payment Net Settlement Fund by the total number of valid and timely Claim Forms submitted by Settlement Class Members who elected a Cash Award but shall not exceed $5,000.00.

      2.5    <u>Business Practice Changes</u>.  Defendant has submitted to Proposed Settlement Class Counsel a declaration attesting to additional data security procedures put in place since the Data Incident. None of the past or future costs associated with the development and

implementation of these additional security procedures has been or will be paid by Plaintiffs and no portion of the Settlement Fund is to be used for this purpose.

2.6     No Further Confirmatory Discovery.  The Parties exchanged information through informal discovery in connection with the May 6, 2024 mediation and settlement talks thereafter. Representative Plaintiffs and Defendant represent and warrant that all of the information they or their counsel provided in connection with the mediation and settlement negotiations is true and correct based on information reasonably available and to the best of their knowledge.  Unless otherwise ordered by the Court, PurFoods is not required to provide any additional discovery, whether formal or informal, to the Representative Plaintiffs, the Settlement Class, or Proposed Settlement Class Counsel, beyond the information to be provided to the Settlement Administrator under Paragraph 3.3(a).

2.7     Settlement Expenses.  All costs for notice to the Settlement Class as required under Paragraphs 3.3 and 3.4 and the Costs of Settlement Administration under Section 8 shall be paid out of the Settlement Fund.

2.8     Settlement Class Certification.  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to

any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1.    Preliminary and Final Approval of the Settlement Agreement shall be sought in the United States District Court for the Southern District of Iowa.

3.2.    As soon as practicable after the execution of the Settlement Agreement, Proposed Settlement Class Counsel and PurFoods' Counsel shall jointly submit this Settlement Agreement to the Court, and Proposed Settlement Class Counsel will file a motion for preliminary approval of the Settlement with the Court requesting entry of a Preliminary Approval Order in the form to be agreed upon by the Parties, or an order substantially similar to such form in both terms and cost, requesting, among other things:

   a)     certification of the Settlement Class for settlement purposes only pursuant to Paragraph 2.8;

   b)     preliminary approval of the Settlement Agreement as set forth herein;

   c)     appointment of Proposed Settlement Class Counsel as Settlement Class Counsel;

   d)     appointment of Plaintiffs as Settlement Class Representatives;

   e)     approval of a customary form of Short Notice to mailed to Settlement Class Members in a form substantially similar to the one attached as **Exhibit D** to this Settlement Agreement;

   f)     approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall

include a fair summary of the parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Approval Hearing; and

g)     appointment of Kroll as the Settlement Administrator.

The Short Notice and Long Notice have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the Court for approval.

3.3.    The cost of providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Settlement Administration shall be paid from the Settlement Fund. Fee Award and Costs for Settlement Class Counsel, and Service Awards to Representative Plaintiffs, as approved by the Court, shall also be paid from the Settlement Fund as set forth in Paragraphs 7.2, 7.3 and 7.4.  Notice shall be provided to Settlement Class Members by the Settlement Administrator as follows:

a)     *Class Member List*: No later than fourteen (14) days after entry of the Preliminary Approval Order, PurFoods shall provide the Settlement Administrator with the name, email address (where available), and last known physical address (where available) of each Settlement Class Member (collectively, "Class Member List") that PurFoods possesses.

•     The Class Member List shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Settlement Agreement and shall not be used for any other purpose at any time. The

Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member List except as reasonably required for performance of its duties under this Agreement.

b)   *Settlement Website:* Prior to the dissemination of the Short Notice, the Settlement Administrator shall establish the Settlement Website that will inform Settlement Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; (v) the Complaint; and (vi) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically so long as appropriate fraud-prevention measures are put in place by the Settlement Administrator.

c)   *Short Notice:* Beginning within forty-five (45) days after the entry of the Preliminary Approval Order, and to be substantially completed not later than sixty (60) days after entry of the Preliminary Approval Order, and subject to the requirements of this Agreement and the Preliminary Approval Order, the Settlement Administrator will provide notice to the Settlement Class as follows:

- To all Settlement Class Members for whom PurFoods is in possession of an email address, via email to the email address provided to the Settlement Administrator by PurFoods;

- To all Settlement Class Members for whom PurFoods does not have in its possession a valid email address (including email addresses that were returned as undeliverable), via mail to the postal address provided to the Settlement Administrator by PurFoods. Before any mailing under this Paragraph occurs, the Settlement Administrator shall run the postal addresses of Settlement Class Members through the United States Postal Service ("USPS") National Change of Address database to obtain any change of address on file with the USPS;

- In the event that a mailed Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Settlement Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice;

- In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within seven (7)

days of receiving such information. This shall be the final requirement for mailing.

d)    The Settlement Administrator shall publish, on or before the Notice Commencement Date, the Short Notice, Claim Form, and Long Notice on the Settlement Website, as specified in the Preliminary Approval Order, and maintain and update the website throughout the claim period;

e)    A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement.  The Settlement Administrator also will provide copies of the forms of Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request.

f)    Contemporaneously with seeking Final Approval of the Settlement, Proposed Settlement Class Counsel and PurFoods shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.4    The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Settlement Administrator, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.  The Notice Program shall commence within forty-five (45) days after entry of the Preliminary Approval Order and shall be substantially completed within sixty (60) days after entry of the Preliminary Approval Order.

3.5    Proposed Settlement Class Counsel and PurFoods' counsel shall request that after notice is completed, the Court hold a Final Approval Hearing and grant final approval of the settlement set forth herein.

4.      **Opt-Out or Request for Exclusion Procedures**

4.1      Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator.  The written notice must clearly manifest a Person's intent to opt-out of the Settlement Class.  To be effective, written notice must be postmarked no later than sixty (60) days after the Notice Commencement Date.

4.2      All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class, as set forth in Paragraph 4.1, shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class in the manner set forth in Paragraph 4.1 shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3      In the event that more than one hundred (100) individuals opt out of the Settlement Class, PurFoods may void this Settlement Agreement by notifying Proposed Settlement Class Counsel in writing.  If PurFoods voids this Settlement Agreement under this paragraph, (a) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (b) the Settlement Administrator will be paid from the advance made by PurFoods for any work completed, and the balance of the advance as well as any other payments made by PurFoods into the Settlement Fund will be returned to PurFoods; and (c) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order

entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated.

### 5.    Objection Procedures

5.1    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date.  Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number—*In re: PurFoods, Inc. Data Security Incident*, Case No. 4:23-cv-00332-RGE-SBJ (S.D. Iowa); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than sixty (60) days from the Notice Commencement Date, to the Settlement Administrator at a designated post office box, as well as to Proposed Settlement Class Counsel, Nickolas J. Hagman, Cafferty Clobes Meriwether & Sprengel LLP, 135 S. LaSalle Street, Suite 3210, Chicago, IL 60603; and PurFoods' Counsel, Kathryn E. Cahoy, Covington & Burlington LLP, 3000 El Camino Real, 5 Palo Alto Square, 10th Floor, Palo Alto, CA 94306. The objector or his or her counsel may also file objections with the Court, with service on Proposed Settlement Class Counsel and PurFoods' Counsel.  For all objections mailed to Proposed Settlement Class Counsel and PurFoods' Counsel that are not otherwise filed with the Court, Proposed Settlement Class

Counsel will file them with the Court as an exhibit to the Motion for Final Approval of the Settlement.

5.2     Settlement Class Members who object to the Settlement Agreement shall remain Settlement Class Members and shall have voluntarily waived their right to pursue any independent remedy against the Released Parties.  To the extent any Settlement Class Member objects to the Settlement Agreement and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and Judgment.

5.3     Any Settlement Class Member who fails to comply with the requirements for objecting in Paragraph 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of Paragraph 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Releases**

6.1     Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any

recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, PurFoods shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class Members, and Proposed Settlement Class Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation, except for enforcement of the Settlement Agreement.  Any other claims or defenses PurFoods may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, employment, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither PurFoods nor any Released Persons shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, and Proposed Settlement Class Counsel.

**7.     Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Representative Plaintiffs**

7.1     Proposed Settlement Class Counsel will file a motion asking the Court to award a portion of the Settlement Fund as Class Counsel's Fee Award and Costs. The motion shall be filed at least fourteen (14) days before the Objection Date. Prior to the disbursement of the Fee Award and Costs under this Agreement, Class Counsel shall provide to PurFoods and the Settlement Administrator a properly completed and duly executed IRS Form W-9.

7.2     Unless otherwise ordered by the Court, Proposed Settlement Class Counsel shall have the sole and absolute discretion to allocate any approved Fee Award and Costs among themselves.

7.3     Proposed Settlement Class Counsel will also seek an order from the Court awarding two thousand five hundred Dollars ($2,500.00) in Service Awards to each of the Representative Plaintiffs, to be paid from the Settlement Fund.

7.4     If awarded by the Court, the Settlement Administrator shall pay the Fee Award and Costs, and Service Awards to Plaintiffs, as set forth in Paragraphs 7.2 and 7.3, within forty-five (45) days after the Effective Date. Service Awards to Representative Plaintiffs and the Fee Award and Costs will be wired by the Settlement Administrator to Proposed Settlement Class Counsel via instructions to be provided by Proposed Settlement Class Counsel. The Settlement Administrator shall distribute the award of Fee Award and Costs among Plaintiffs' Counsel and Service Awards to Plaintiffs consistent with Paragraphs 7.2, 7.3 and 7.4.

7.5     The amount(s) of any award of Fee Award and Costs, and the Service Award to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any Fee Award and Costs, and/or Service Award ordered by the Court to Proposed Settlement Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.     Administration of Claims**

8.1     The Settlement Administrator shall administer the Settlement Fund and Unclaimed Funds described in Paragraphs 1.38, 2.1, 8.3, 8.5, and 8.6. The Notices provided to Settlement

Class Members shall require the Class Member to indicate their preferred disbursement methods and provide the required financial information.

8.2     Within thirty (30) days of the Effective Date, the Settlement Administrator shall make best efforts to provide Settlement Class Members who submitted a valid and timely claim for CMIS benefits with enrollment instructions for the CMIS.

8.3     For each Settlement Class Member from which the Settlement Administrator receives a valid, completed, and timely Claim Form with correct financial information (including any information or forms needed for tax withholding or reporting purposes), the Settlement Administrator shall disburse any monies due to that Settlement Class Member (*i.e.*, the "Settlement Payment") using the Settlement Class Member's preferred method within forty-five (45) days from the Effective Date.

8.4     Settlement Class Members who do not provide their preferred method of disbursement or do not provide valid financial account information (including any information or forms needed for tax withholding or reporting purposes) by the Claims Deadline shall be deemed to have unclaimed their Settlement Payment.

8.5     All Settlement Payments issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  If a Settlement Class Member requests their Settlement Payment via check and the check is not cashed within ninety (90) days, the Settlement Class Member shall be deemed to have unclaimed their Settlement Payment.

8.6     To the extent any monies remain in the Net Settlement Fund more than one hundred fifty (150) days after the distribution of Settlement Payments to Settlement Class Members, a "Subsequent Settlement Payment" will be made on a *pro rata* basis to all Settlement Class

Members who submitted approved claims for monetary benefits (Settlement Payments) and, in the event the Settlement Class Member requested payment via check, also cashed or deposited their initial Settlement Payment, provided that the average Subsequent Settlement Payment is equal or greater to Ten Dollars and No Cents ($10.00). If the average Subsequent Settlement Payment would be less than $10.00, the remaining Net Settlement Fund will be used to extend for as long as possible the CMIS benefits claimed and utilized by Settlement Class Members. Any amount remaining in the Net Settlement Fund after said extension is accomplished (the "Unclaimed Fund"), if any, shall be distributed to the Cy Pres Designee.

8.7     Proposed Settlement Class Counsel and PurFoods' Counsel shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.

8.8     All Settlement Class Members who fail to timely submit a claim within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, or who are deemed to have unclaimed their Settlement Payment or Claimed Settlement Benefit, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.9     No Person shall have any claim against the Settlement Administrator, claims referee, PurFoods, Proposed Settlement Class Counsel, Plaintiffs, and/or PurFoods' Counsel based on distributions of benefits to Settlement Class Members.

8.10     Settlement Class Members are responsible for paying all taxes due on any payments they receive. Under no circumstance shall PurFoods be held liable for any tax obligations with respect to those payments. All payments shall be deemed to be paid solely in the year in which

such payments are actually issued. Neither Proposed Settlement Class Counsel nor PurFoods'
Counsel purport to provide legal advice on tax matters. To the extent this Settlement Agreement,
or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding
any federal or state tax issue, such advice is not intended or written to be used, and cannot be used,
by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or
any state's tax laws.

### 9.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

9.1    The Effective Date of the settlement shall be conditioned on the occurrence of all
of the following events:

a)    the Court has entered the Order of Preliminary Approval and Publishing of Notice
of a Final Approval Hearing, as required by Paragraph 3.2;

b)    the Court has entered the Judgment granting final approval to the settlement as set
forth herein; and

c)    the Judgment is no longer subject to direct appellate review, as described in
Paragraph 1.13.

9.2    If all conditions specified in Paragraph 9.1 are not satisfied, the Settlement
Agreement shall be canceled and terminated subject to Paragraph 9.4 unless Proposed Settlement
Class Counsel and PurFoods' Counsel mutually agree in writing to proceed with the Settlement
Agreement.

9.3    Within seven (7) days after the Opt-Out Date, the Settlement Administrator shall
furnish to Proposed Settlement Class Counsel and to PurFoods' Counsel a complete list of all
timely and valid requests for exclusion.

9.4     This Settlement Agreement is entered into only for the purpose of settlement. In the event that certification of the Settlement Class, preliminary or final approval of the Settlement Agreement, or any other order necessary to effectuate this Settlement Agreement is denied, or if the Court or a reviewing court takes any action to impair or reduce the scope or effectiveness of the Releases set forth in Section 6 herein, or to impose greater or lesser financial or other burdens on PurFoods than those contemplated in this Settlement Agreement, then this Settlement Agreement shall be void *ab initio*, shall have no force or effect, and shall impose no obligations on the Parties except that the Parties (i) will be prohibited from using this Settlement Agreement and any settlement and mediation communications as evidence in the Litigation and (ii) agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Litigation; and (iii) the Settlement Administrator will be paid from the advance made by PurFoods for any work completed, and the balance of the advance as well as any other payments made by PurFoods into the Settlement Fund will be returned to PurFoods. The intent of the previous sentence is that, in the event that a necessary approval is denied, the Parties will revert to their positions immediately before the execution of this Agreement, and the Litigation will resume without prejudice to any party. In the event of such a reversion, the Parties agree that no class will be deemed to have been certified, and that the proposed or actual certification of any settlement class will not be urged or considered as a factor in any subsequent litigation over the certification of a litigation class or classes, and that no Claims will have been released.

9.5     Upon entry of the Final Approval Order and Judgment, except as to any Settlement Class Members who have validly and timely requested exclusion, all claims in the Complaint by Representative Plaintiffs and Settlement Class Members against PurFoods shall be dismissed with

prejudice pursuant to this Settlement Agreement. Dismissal with prejudice is a material term of this Settlement Agreement.

**10.     Miscellaneous Provisions**

10.1     The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to secure approval of and otherwise accomplish the terms and conditions of this Settlement Agreement.

10.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after arms'-length negotiations and consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3     Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of PurFoods or any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of,

or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5     This Agreement contains the entire understanding between PurFoods and Plaintiffs regarding the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between PurFoods and Plaintiffs in connection with the Litigation settlement. Except as otherwise provided herein, each party shall bear its own costs.

10.6     This Agreement does not create any attorney-client relationship between PurFoods or its counsel and any Plaintiff, Releasing Party, or Settlement Class Member or any other person or entity that did not exist prior to the Agreement.

10.7     Proposed Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.8     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.9     Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Federal Holidays) express delivery service as follows:

| If to Plaintiffs or Proposed Settlement Class Counsel: | If to Defendant or Defendant's Counsel: |
| --- | --- |
| Nickolas J. Hagman<br>**Cafferty Clobes Meriwether & Sprengel LLP**<br>135 S. LaSalle, Suite 3210<br>Chicago, Illinois 60603<br>Phone: (312) 782-4880<br>Email: nhagman@caffertyclobes.com<br><br>Gary M. Klinger<br>**Milberg Coleman Bryson Phillips Grossman PLLC**<br>227 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>Phone: (866) 252-0878<br>Email: gklinger@milberg.com | Kathryn E. Cahoy<br>Micaela R.H. McMurrough<br>Teena-Ann V. Sankoorikal<br>**COVINGTON & BURLING LLP**<br>3000 El Camino Real, 5 Palo Alto Square<br>10th Floor<br>Palo Alto, CA 94306-3112<br>Telephone: (650) 632-4700<br>kcahoy@cov.com<br>mmcmurrough@cov.com<br>tsankoorikal@cov.com<br><br>Matthew A. McGuire<br>Michael W. Thrall<br>**NYEMASTER GOODE P.C.**<br>700 Walnut Street, Suite 1600<br>Des Moines, IA 50309<br>Telephone: 515-283-3100<br>Fax: 515-283-3189<br>mmcguire@nyemaster.com<br>mwt@nyemaster.com |

10.10    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

10.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

10.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.13    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it."

10.14    The various headings used in this Settlement Agreement are solely for the convenience of the Parties and shall not be used to interpret this Settlement Agreement.

10.15    All dollar amounts are in United States dollars (USD).

10.16    Submitting a valid Claim Form (providing the Settlement Administrator with the preferred disbursement method and correct information) for a Claimed Settlement Benefit from this Settlement is a condition precedent to any Settlement Class Member's right to receive a Settlement Payment or Credit Monitoring and Insurance Service. It any Settlement Class Member does not submit a valid Claim Form, they will have failed to meet a condition precedent to recovery, the Settlement Class Member's right to receive monetary relief shall be extinguished, and PurFoods shall have no obligation to make payments or provide any other relief to the Settlement Class Member. The same provisions shall apply to any void checks.

10.17    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have caused the Settlement Agreement to be executed by their duly authorized attorneys.

/s/ *[signature]*

Daniel O. Herrera
Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Phone: (312) 782-4880
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
glklinger@milberg.com

Mason A. Barney
Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

David S. Almeida
Elena A. Belov
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
david@almeidalawgroup.com
elena@almeidalawgroup.com

/s/

Kathryn E. Cahoy
Micaela R.H. McMurrough
Teena-Ann V. Sankoorikal
**COVINGTON & BURLING LLP**
3000 El Camino Real, 5 Palo Alto Square
10th Floor
Palo Alto, CA 94306-3112
Telephone: (650) 632-4700
kcahoy@cov.com
mmcmurrough@cov.com

Matthew A. McGuire
Michael W. Thrall
**NYEMASTER GOODE P.C.**
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-3189
mmcguire@nyemaster.com
mwt@nyemaster.com

*Counsel for Defendant PurFoods, LLC*

_____
By:
Its:

*Defendant PurFoods, LLC*

Timothy M. Hansen
**HANSEN REYNOLDS LLC**
301 N. Broadway, #400
Milwaukee, WI 53202
Tel: (414) 273-8473
thansen@hansenreynolds.com

Nicholas J. Mauro
**CARNEY & APPLEBY LAW FIRM**
303 Locust St., #400
Des Moines, IA 50309
Tel: (515) 282-6803
mauro@carneyappleby.com

William "Billy" Peerce Howard, Esq.
Amanda J. Allen, Esq.
**THE CONSUMER PROTECTION FIRM**
401 East Jackson Street, Suite 2340
TRUIST PLACE
Tampa, FL 33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Stephen R. Basser
Samuel M. Ward
**BARRACK, RODOS & BACINE**
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

John G. Emerson
**EMERSON FIRM, PLLC**
2500 Wilcrest, Suite 300
Houston, TX 77042
Telephone: (800) 551-8649
Facsimile: (501) 286-4659
jemerson@emersonfirm.com

J. Barton Goplerud
Brian O. Marty
**SHINDLER, ANDERSON, GOPLERUD &
WEESE P.C.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____

Michael Douglas

_____

Dorothy Goodon

_____

Dorothy Alexander

_____

Stella Keritsis

_____

Johnnie Jones

_____

Yolanda Betts

_____

Steven D'Angelo

_____

Christine Ashe

_____

Vernita Ford

_____

Diane Young


_____

Logan Aldridge

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____

Michael Douglas

_____

Dorothy Goodon

_____

Dorothy Alexander

_____

Stella Keritsis

_____

Johnnie Jones

_____

Yolanda Betts

_____

Steven D'Angelo

_____

Christine Ashe

_____

Vernita Ford

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____
Michael Douglas

_____
Dorothy Goodon

_____
Dorothy Alexander

_____
Stella Keritsis

_____
Johnnie Jones

_____
Yolanda Betts

_____
Steven D'Angelo

_____
Christine Ashe

_____
Vernita Ford

Doc ID: f9b22b53dd7d2c78

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative
Class*

Plaintiffs:

_____
Michael Douglas

_____
Dorothy Goodon

_____
Dorothy Alexander

_____
Stella Keritsis

_____
Johnnie Jones

_____
Yolanda Betts

_____
Steven D'Angelo

_____
Christine Ashe

_____
Vernita Ford

_____
Diane Young


_____
Logan Aldridge

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____
Michael Douglas


_____
Dorothy Goodon


_____
Dorothy Alexander


_____
Stella Keritsis


_____
Johnnie Jones


_____
Yolanda Betts


_____
Steven D'Angelo


_____
Christine Ashe


_____
Vernita Ford

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative
Class*

Plaintiffs:

_____
Michael Douglas

_____
Dorothy Goodon

_____
Dorothy Alexander

_____
Stella Keritsis

_____
Johnnie Jones

_____
Yolanda Betts

_____
Steven D'Angelo

*Christine Elizabeth Ashe*
_____
Christine Ashe

_____
Vernita Ford

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____
Michael Douglas

_____
Dorothy Goodon

_____
Dorothy Alexander

_____
Stella Keritsis

_____
Johnnie Jones

_____
Yolanda Betts

_____
Steven D'Angelo

_____
Christine Ashe

_____
Vernita Ford

_____
Diane Young

_____
Logan Aldridge

Doc ID: f9b22b53dd7d2c78

Tel: (515) 223-4567
Fax: (515) 223-8887
goplerud@sagwlaw.com
marty@sagwlaw.com

*Attorneys for Plaintiffs and the Putative Class*

Plaintiffs:

_____
Michael Douglas


_____
Dorothy Goodon


_____
Dorothy Alexander


_____
Stella Keritsis

*Johnnie Jones*
_____
Johnnie Jones


_____
Yolanda Betts


_____
Steven D'Angelo


_____
Christine Ashe


_____
Vernita Ford

Doc ID: 29ef2ecf979706aefefb94d6530466474eb6c002

/s/ _____
Daniel O. Herrera
Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Phone: (312) 782-4880
dherrera@caffertyclobes.com
nhagman@caffertyclobes.com

Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS
GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
glkinger@milberg.com

Mason A. Barney
Tyler J. Bean
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
mbarney@sirillp.com
tbean@sirillp.com

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

David S. Almeida
Elena A. Belov
**ALMEIDA LAW GROUP LLC**
849 W. Webster Avenue
Chicago, Illinois 60614
Tel: (312) 576-3024
david@almeidalawgroup.com
elena@almeidalawgroup.com

/s/ *Kathryn E. Cahoy*

Signed by:
Kathryn E. Cahoy
Micaela R.H. McMurrough
Teena-Ann V. Sankoorikal
**COVINGTON & BURLING LLP**
3000 El Camino Real, 5 Palo Alto Square
10th Floor
Palo Alto, CA 94306-3112
Telephone: (650) 632-4700
kcahoy@cov.com
mmcmurrough@cov.com

Matthew A. McGuire
Michael W. Thrall
**NYEMASTER GOODE P.C.**
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Fax: 515-283-3189
mmcguire@nyemaster.com
mwt@nyemaster.com

*Counsel for Defendant PurFoods, LLC*

DocuSigned by:
*Chris Choi*

By: Chris Choi
Its: Chief Executive Officer

*Defendant PurFoods, LLC*

# Exhibit A

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

<table>
<tr>
<td>

**Your claim must be submitted online or postmarked by:**
<<Claims Deadline>>

</td>
<td>

**CLAIM FORM FOR PURFOODS, INC. DATA INCIDENT**

*In re: PurFoods, Inc. Data Security Litigation*
Case No.: 4:23-cv-00332-RGE-SBJ
United States District Court for the Southern District of Iowa

</td>
<td>

**PURFOODS-C**

</td>
</tr>
</table>

### USE THIS FORM ONLY IF YOU ARE A SETTLEMENT CLASS MEMBER

### GENERAL INSTRUCTIONS

If you received Notice from PurFoods, Inc. ("PurFoods") that Your Private Information may have been compromised as a result of a Data Incident involving PurFoods, you may submit a claim for a Settlement Payment or other benefits, outlined below.

Please refer to the Long Notice posted on the Settlement Website www.PurFoodsDataSettlement.com, for more information on submitting a Claim Form and information on the aggregate cap on claims.

**To receive benefits from this settlement, you must submit the Claim Form below by <<Claims Deadline>>.**

This Claim Form may be submitted electronical*ly via* the Settlement Website at www.PurFoodsDataSettlement.com **to receive an electronic payment** or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*PurFoods, Inc. Data Incident*
*c/o* Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

**You may submit a claim for the following benefits:**

Documented Loss Payment: As a Settlement Class Member, you may submit a claim for a Settlement Payment of up to $5,000.00 for reimbursement in the form of a Documented Loss Payment. Documented Losses must be reasonably related to the Data Incident or to mitigating the effects of the Data Incident, and may include, but are not limited to: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency, and (iv) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel. You must submit documentation, such as receipts, to verify the costs you incurred and the relationship to the Data Incident.

**OR**

Cash Award: Instead of a Documented Loss Payment, as a Settlement Class Member, you may make a claim for a pro rata cash payment from the Settlement Fund (the amount to be calculated based on the amount remaining in the Settlement Fund after Costs of Settlement Administration, Taxes and Tax-Related Expenses, Service Awards, Fee Award and Costs, and Documented Loss Payments are paid from the Settlement Fund). Cash Award payments shall not exceed $5,000.00.

**AND**

Credit Monitoring and Insurance Services (CMIS): Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive three (3) years of three-bureau CMIS regardless of whether they also make a claim for a Settlement Payment.

**Questions? Go to www.PurFoodsDataSettlement.com or call (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

CONFIDENTIAL DRAFT
FOR SETTLEMENT PURPOSES ONLY

\*73135\*                    \*CF\*                    \*Page 1 of 4\*

73135                    CF                    Page 1 of 4

## I. PAYMENT SELECTION

If you would like to elect to receive your Settlement Class Member benefit through electronic transfer, please visit the website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐ Check this box to certify that you are an individual who may have been involved in the Data Incident and were notified that their Private Information may have been impacted as a result of the Data Incident.

Enter the Settlement Class Member ID Number provided on your postcard Notice:

**Settlement Class Member ID : 0 0 0 0 0**  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_  \_\_\_\_

## III. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____   _____

**First Name**                    **Last Name**

_____

**Address 1**

_____

**Address 2**

_____   \_\_\_ \_\_\_   \_\_\_ \_\_\_ \_\_\_ \_\_\_ \_\_\_

**City**                    **State**          **Zip Code**

**Email Address (optional):** _____

**Telephone Number: (** \_\_\_\_ \_\_\_\_ \_\_\_\_ **)** \_\_\_\_ \_\_\_\_ \_\_\_\_ **-** \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

Questions? Go to **www.PurFoodsDataSettlement.com** or call (XXX) XXX-XXXX.

\*73135\*                    \*CF\*                    \*Page 2 of 4\*

\*0000000000000\*

0000000000000

CONFIDENTIAL DRAFT
FOR SETTLEMENT PURPOSES ONLY

## IV. CASH AWARD

Check the box if you wish to receive a *Pro Rata* Cash Award.

☐        Yes, instead of the Documented Loss Payment described below, I choose a *pro rata* Cash Award estimated to be $75.00.

## V. COMPENSATION FOR DOCUMENTED LOSSES

All Settlement Class Members are also eligible to recover compensation for up to $5,000.00 per person for DOCUMENTED LOSSES incurred as a result of the Data Incident, including, but not limited to:

(i)      *Unreimbursed losses relating to fraud or identity theft;*
(ii)     *professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;*
(iii)    *costs associated with freezing or unfreezing credit with any credit reporting agency, and*
(iv)     *unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.*

Settlement Class Members submitting claims for documented losses must submit documentation supporting their claims.

You cannot submit a claim for documented losses if you select the Cash Award. **You must have documented losses incurred as a result of the Data Incident and submit documentation to obtain this reimbursement.**

☐        I have attached documentation showing that the claimed losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 11/17/23 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____._____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____._____ | |
| | __ __/__ __/__ __ (mm/dd/yy) | $_____._____ | |

**Questions? Go to <u>www.PurFoodsDataSettlement.com</u> or call (XXX) XXX-XXXX.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

CONFIDENTIAL DRAFT
FOR SETTLEMENT PURPOSES ONLY

73135                                  CF                              Page 3 of 4

---

## VI. CREDIT MONITORING AND INSURANCE SERVICES

☐    **3 years of CMIS**

Check the box above if you wish to receive 3 years of Credit Monitoring Services (including $1,000,000.00 in identity theft insurance coverage) at no cost to you. If your claim is approved you will receive an activation code for the service by mail or email, along with instructions on how to activate the service. If you select this benefit, **you may also claim a Documented Loss Payment OR Cash Award**.

---

## VII.  ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____        \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_

Signature                                                              Date

_____

Print Name

**Reminder Checklist**

If your address changes or you need to make a future correction/update to the address you provide on this Claim Form, please visit the Contact section of the Settlement Website at **www.PurFoodsDataSettlement.com** and provide your updated address information. Make sure to include your Settlement Class Member ID and your phone number in case we need to contact you in order to complete your request.

For more information, please visit the Settlement Website at www.PurFoodsDataSettlement.com, or call the Settlement Administrator at (XXX) XXX-XXXX.

**PLEASE DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR ADDITIONAL INFORMATION.**

**Questions? Go to www.PurFoodsDataSettlement.com or call (XXX) XXX-XXXX.**

\*00000\*                            \*CF\*                        \*Page 4 of 4\*

00000                                  CF                              Page 4 of 4

# Exhibit B

## <u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT</u>

**If PurFoods, Inc ("PurFoods" or "Defendant") Notified You Of A Data Incident, You May Be Eligible For Benefits From A Class Action Settlement.**

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A Court authorized this Long Notice ("Notice").*

- A proposed $4,250,000.00 settlement has been reached in a class action lawsuit known as *In re: PurFoods, Inc. Data Security Litigation,* Case No. 4:23-cv-00332-RGE-SBJ ("Litigation"), filed in the United States District Court for the Southern District of Iowa.

- This Litigation alleges that between January 16, 2023 and February 22, 2023, PurFoods was affected by a cyberattack (the "Data Incident") in which some personal information regarding some of PurFoods' customers, employees, and/or independent contractors may have been accessed, stolen, or compromised. In August and September of 2023, PurFoods sent notice of the Data Incident to 1,249,219 individuals. Plaintiffs filed this lawsuit on behalf of a class of those individuals asserting claims based on harms they claim to have suffered as a result of the Data Incident. Defendant disagrees with Plaintiffs' claims and denies any wrongdoing.

- All Settlement Class Members can receive the following benefits from the settlement: compensation for up to $5,000.00 of their unreimbursed Documented Losses or a Cash Award, plus Credit Monitoring and Insurance Services ("CMIS").
    - **Documented Loss Payment**: Each Settlement Class Member may submit a claim for a Settlement Payment of up to $5,000.00 for reimbursement in the form of a Documented Loss Payment. Documented Losses must be reasonably related to the Data Incident or to mitigating the effects of the Data Incident, and may include, but are not limited to: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency, and (iv) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.
    - **Cash Award**: Each Settlement Class Member may, instead of making a claim for a Documented Loss Payment as described above, make a claim for a Cash Award, which will be calculated based on the amount remaining in the Settlement Fund after Documented Loss Payments and other expenses are paid. A Cash Award shall not exceed $5,000.00.
    - **Credit Monitoring and Insurance Services:** Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive three (3) years of three-bureau CMIS regardless of whether they also make a claim for a Settlement Payment.

- Included in this settlement as Settlement Class Members are:
    - All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.
    - Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

**Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.**

QUESTIONS? CALL toll-free **(XXX) XXX-XXXX**
VISIT www.PurFoodsDataSettlement.com

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | **You must submit a valid Claim Form to receive benefits from this settlement.** <br><br> Claim Forms must be submitted online or mailed, postmarked no later than <<Claims Deadline>>. |
| **Do Nothing** | If you do nothing, you remain in the settlement. <br><br> You give up your rights to sue and you will not get any Cash Award, CMIS, or reimbursement as a Settlement Class Member. |
| **Exclude Yourself** | **Get out of the settlement. Get no money. Keep your rights.** <br><br> This is the only option that allows you to keep your right to sue about the claims in this Litigation. You will not get any money from the settlement. <br><br> Your Request for Exclusion must be postmarked no later than <<Opt-Out Date>>. |
| **File an Objection** | Stay in the settlement but tell the Court why you think the settlement should not be approved. Objections must be postmarked no later than <<Objection Date>>. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the settlement, at your own expense. *See* Questions 18 and 19 for more details. <br><br> The Final Approval Hearing is scheduled for <<Final Approval Hearing>>, at <<Time>> a.m. CT. |

QUESTIONS? CALL toll-free **(XXX) XXX-XXXX**
VISIT www.PurFoodsDataSettlement.com

## WHAT THIS NOTICE CONTAINS

**Basic Information**.................................................................................................................... **Page 4**

    1.    How do I know if I am affected by the Litigation and settlement?

    2.    What is this case about?

    3.    Why is there a settlement?

    4.    Why is this a class action?

    5.    How do I know if I am included in the settlement?

**The Settlement Benefits**......................................................................................................**Pages 5**

    6.    What does this settlement provide?

    7.    How to submit a Claim Form.

    8.    What am I giving up as part of the settlement?

    9.    Will the Representative Plaintiffs receive compensation?

**Exclude Yourself**..................................................................................................................**Pages 6**

    10.    How do I exclude myself from the settlement?

    11.    If I do not exclude myself, can I sue later?

    12.    What happens if I do nothing at all?

**The Lawyers Representing You**...........................................................................................**Page 6**

    13.    Do I have a lawyer in the case?

    14.    How will the lawyers be paid?

**Objecting to the Settlement**............................................................................................**Pages 6-7**

    15.    How do I tell the Court that I do not like the settlement?

    16.    What is the difference between objecting and asking to be excluded?

**The Final Approval Hearing**............................................................................................**Pages 7-8**

    17.    When and where will the Court decide whether to approve the settlement?

    18.    Do I have to come to the hearing?

    19.    May I speak at the hearing?

**Get More Information**..........................................................................................................**Page 8**

    20.    How do I get more information about the settlement?

    21.    How do I update my contact information?

QUESTIONS? CALL toll-free **(XXX) XXX-XXXX**
VISIT www.PurFoodsDataSettlement.com

# BASIC INFORMATION

### 1.  How do I know if I am affected by the Litigation and settlement?

You are a Settlement Class Member if you are a resident of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

The Settlement Class specifically excludes (i) PurFoods and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

This Notice explains the nature of the Litigation and claims being settled, your legal rights, and the benefits to the Settlement Class.

### 2.  What is this case about?

This case is known as *In re PurFoods, Inc. Data Security Litigation,* Case No. 4:23-cv-00332-RGE-SBJ, filed in the United States District Court for the Southern District of Iowa. The persons who sued are called the "Plaintiffs" and the company they sued, PurFoods, Inc. ("PurFoods"), is known as the "Defendant" in this case.

Plaintiffs filed a lawsuit against Defendant individually and on behalf of anyone whose Private Information was potentially impacted as a result of the Data Incident.

This Litigation alleges that between January 16, 2023, and February 22, 2023, PurFoods was affected by a cyberattack (the "Data Incident") in which some personal information regarding some of PurFoods' customers, employees, and/or independent contractors may have been accessed, stolen, or compromised. In August and September of 2023, PurFoods sent notice of the Data Incident to approximately 1,249,219 individuals.

Defendant denies all claims asserted against it in the Litigation and denies all allegations of wrongdoing and liability.

### 3.  Why is there a settlement?

By agreeing to settle, the Parties desire to settle the Litigation and all claims arising out of or related to the allegations or subject matter of the class action and Litigation on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Litigation. The Representative Plaintiffs, Defendant, and their attorneys believe the proposed settlement is fair, reasonable, and adequate and, thus, in the best interests of Settlement Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed settlement are found in the Settlement Agreement available at www.PurFoodsDataSettlement.com.

### 4.  Why is this a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims. All of these people together are the "Settlement Class" or "Settlement Class Members."

### 5.  How do I know if I am included in the settlement?

You are included in the Settlement Class if you are a resident of the United States who was sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident. However, you are excluded from the Settlement Class if you are: (i) Defendant or any of its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; or (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the settlement, visit www.PurFoodsDataSettlement.com, call toll-free (XXX) XXX-XXXX, or write to *PurFoods, Inc. Data Incident* c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

# THE SETTLEMENT BENEFITS

### 6. What does this settlement provide?

The proposed settlement will provide the following benefits to Settlement Class Members:

**Documented Loss Payment:** A Settlement Class Member may submit a claim for a Settlement Payment of up to $5,000.00 for reimbursement in the form of a Documented Loss Payment. Documented Losses must be reasonably related to the Data Incident or to mitigating the effects of the Data Incident, and may include, but are not limited to: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency, and (iv) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.

To receive a Documented Loss Payment, the Settlement Class Member must elect to do so on their Claim Form and submit to the Settlement Administrator the following:

      (i)      a valid Claim Form electing to receive the Documented Loss Payment benefit;

      (ii)      an attestation regarding any actual and unreimbursed Documented Loss; and

      (iii)      reasonable documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the settlement.

Reasonable documentation can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation. If the Settlement Administrator determines that a particular Settlement Class Member's documented loss claim is ineligible for a documented loss payment or insufficiently substantiated, that Settlement Class Member shall instead be deemed to have elected the Cash Award option.

**Cash Award:** Each Settlement Class Member may, instead of submitting a claim for the Documented Loss Payment described above, make a claim for a *pro rata* Cash Award, which will be calculated based on the amount remaining in the Settlement Fund after Documented Loss Payments and other expenses are paid. The Cash Award is estimated to be approximately $75.00. A Cash Award shall not exceed $5,000.00.

**Credit Monitoring and Insurance Services:** Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive three (3) years of three-bureau CMIS regardless of whether they also make a claim for a Settlement Payment.

### 7. How to submit a Claim Form

All Claim Forms will be reviewed by the Settlement Administrator for completeness and plausibility. You must file a Claim Form to get a Documented Loss Payment or Cash Award from the Settlement Fund under the proposed settlement. Claim Forms must be submitted online or postmarked no later than <<Claims Deadline>>. For more information, please visit www.PurFoodsDataSettlement.com or you can call the Settlement Administrator at (XXX) XXX-XXXX for a Claim Form.

### 8. What am I giving up as part of the settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue Defendant, as well as its past or present agents, employees, representatives, officers, directors, shareholders, attorneys, accountants, insurers, receivers, advisors, consultants, partners, partnerships, parents, divisions, subsidiaries, affiliates, assigns, agents,

independent contractors, successors, heirs, predecessors in interest, joint ventures, and commonly controlled corporations (collectively "Released Persons") regarding the claims in this case or any other claims based on, relating to, concerning, or arising out of the Data Incident.

The Settlement Agreement, which includes all provisions about Released Claims, releases, and Released Persons, is available at www.PurFoodsDataSettlement.com.

The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, and, if the settlement is approved, you give up the right to sue for the claims in this case.

### 9.  Will the Representative Plaintiffs receive compensation?

Yes. If approved by the Court, the Representative Plaintiffs will each receive a Service Award of up to $2,500, to compensate them for their services and efforts in bringing the Litigation. The Court will make the final decision as to the amount, if any, to be paid to the Representative Plaintiffs.

# EXCLUDE YOURSELF

### 10. How do I exclude myself from the settlement?

If you do not want to be included in the settlement, you must "opt-out" by sending a timely written Request for Exclusion. Your Request for Exclusion must (a) state your full name and  address; (b) contain your personal and original signature; and (c) state your intent to be excluded from the Settlement Class and from the settlement, not to participate in the settlement, and/or to waive all rights to the benefits of the settlement.

Your written Request for Exclusion must be postmarked no later than **<<Opt-Out Date>>** to:

PurFoods, Inc. Data Incident

Attn: Exclusion Requests

c/o Kroll Settlement Administration LLC

PO Box XXXX

New York, NY 10150-XXXX

If you exclude yourself, you will not be able to receive any Settlement Payment or CMIS from the settlement, and you cannot object to the settlement at the Final Approval Hearing. You will not be legally bound by anything that happens in the Litigation, and you will keep your right to sue Defendant on your own for the claims that this settlement resolves.

### 11. If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the settlement, and the settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this settlement resolves.

### 12. What happens if I do nothing at all?

If you do nothing, you will be bound by the settlement if the Court approves it, you will not get any money or reimbursement from the settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

# THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in the case?

Yes. The Court has appointed Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood (called "Proposed Settlement Class Counsel") to represent the

interests of all Settlement Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Proposed Settlement Class Counsel will apply to the Court for a Fee Award and Costs (or $X,XXX,XXX) for fees in prosecuting the Litigation plus reasonable litigation expenses. A copy of Proposed Settlement Class Counsel's Fee Award and Costs and Service Award for Representative Plaintiffs will be posted on this Settlement Website, <<www.PurFoodsDataSettlement.com>>, before the Final Approval Hearing. The Court will make the final decisions as to the amounts to be paid to Proposed Settlement Class Counsel and may award less than the amount requested by Proposed Settlement Class Counsel.

# OBJECTING TO THE SETTLEMENT

## 15. How do I tell the Court that I do not like the settlement?

If you want to tell the Court that you do not agree with the proposed settlement or some part of it, you must file an objection with the Court or with the Settlement Administrator by <<Objection Date>> (the "Objection Date") stating why you do not think the settlement should be approved. You must also send notice of your objection to Proposed Settlement Class Counsel and PurFoods' Counsel. The Court can only approve or deny the Settlement Agreement and cannot change the terms.

To be valid, each objection must state:

(i)     the objector's full name and address;

(ii)    the case name and docket number—*In re: PurFoods, Inc. Data Security Incident*, Case No. 4:23-cv-00332-RGE-SBJ (S.D. Iowa);

(iii)   a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents;

(iv)    the identity of any and all counsel representing the objector in connection with the objection;

(v)     a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and

(vi)    the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

Your objection must be filed with the Clerk of Court or mailed to the Settlement Administrator at the address below and include the case name and docket number, titled *In re: PurFoods, Inc. Data Security Incident,* Case No. 4:23-cv-00332-RGE-SBJ, by <<Objection Date>>. You must also mail copies of your objection by <<Objection Date>> to Proposed Settlement Class Counsel and PurFoods' Counsel at the addresses below:

| PROPOSED SETTLEMENT CLASS COUNSEL | PURFOODS' COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|
| Nickolas J. Hagman<br>**Cafferty Clobes Meriwether & Sprengel LLP**<br>135 S. LaSalle Street, Suite 3210<br>Chicago, IL 60603 | Kathryn E. Cahoy<br>**Covington & Burlington LLP**<br>3000 El Camino Real<br>5 Palo Alto Square, 10th Floor<br>Palo Alto, CA 94306 | PurFoods, Inc Data Incident<br>Attn: Objections<br>c/o Kroll Settlement Administration LLC<br>PO Box XXXX<br>New York, NY 10150-XXXX |

If you do not submit your objection with all requirements, or if your objection is not postmarked by <<Objection Date>>, you will be considered to have waived all objections and will not be entitled to speak at the Final Approval Hearing.

QUESTIONS? CALL toll-free **(XXX) XXX-XXXX**
VISIT www.PurFoodsDataSettlement.com

**16. What is the difference between objecting and asking to be excluded?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

# THE FINAL APPROVAL HEARING

**17. When and where will the Court decide whether to approve the settlement?**

The Court will hold the Final Approval Hearing on <<Final Approval Hearing Date>>, <<Time>> a.m. ET in Courtroom ____, of the Honorable Judge <<Name>> of the United States District Court for the Southern District of Iowa <<Court Address>>. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically check the Settlement Website for updated information.

At the hearing, the Court will consider whether the proposed settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be finally approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the Fee Award and Costs to Proposed Settlement Class Counsel and the request for a Service Award to the Representative Plaintiffs.

**18. Do I have to come to the hearing?**

No. You are not required to come to the Final Approval Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an objection, you do not have to come to the hearing. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Approval Hearing, but that is not necessary. However, you must follow the requirements for making objections in Question 15, including the requirements for making appearances at the hearing.

**19. May I speak at the hearing?**

Yes. You can speak at the Final Approval Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the instructions in Question 15, including all the information required for you to make an appearance at the hearing. You cannot speak at the hearing if you exclude yourself from the settlement.

# GET MORE INFORMATION

**20. How do I get more information about the settlement?**

This is only a summary of the proposed settlement. If you want additional information about this Litigation, including a copy of the Settlement Agreement, the Complaint, Long Notice, Short Notice, FAQs, Claim Form and more, please visit the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator at *PurFoods, Inc. Data Incident* c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

**21. How do I update my contact information?**

To update your contact information, please call (XXX) XXX-XXXX or visit the Settlement Website www.PurFoodsDataSettlement.com

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S COUNSEL.**

QUESTIONS? CALL toll-free **(XXX) XXX-XXXX**
VISIT www.PurFoodsDataSettlement.com

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| In re: PurFoods, Inc. Data Security Litigation | Case No.: 4:23-cv-00332-RGE-SBJ |

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. No. 49) (the "Motion"), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the Motion and orders as follows:

1. **<u>Class Certification for Settlement Purposes Only</u>**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement.

23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and the Representative Plaintiffs seek similar relief as the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.  **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3.  **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing Notice of Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class

through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.      **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.      **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ _____, 202___, at _____, Courtroom_____ [or      via      telephone      or videoconference] at _____ am/pm to determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for Service Awards should be approved.

6.      **Settlement Administrator**. The Court appoints Kroll Settlement Administration as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as Exhibits A, B, and D are hereby approved. Non-material modifications to these Exhibits may be made with approval by the parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and 23(e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice in conformance with the Settlement Agreement.

9.      **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion for preliminary approval of the settlement, the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate federal and state officials in accordance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.     **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written opt-out Request for Exclusion to the Settlement Administrator at the address and in the manner provided in the Notice. Such opt-out Requests for Exclusion must meet the Opt-Out Deadline established by this Order and stated in the Notice.

Within 7 days after the Opt-Out Deadline, the Settlement Administrator shall provide the Settling Parties with a complete and final list of all Opt-Outs who have timely and validly excluded themselves from the Settlement Class and, upon request, copies of all completed Requests for Exclusions.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Opt-Out Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely Opt-Out Requests for Exclusion shall not be entitled to receive any benefits from the Settlement.

11.     **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to mail their objection to the Settlement Administrator, Class Counsel and PurFoods' counsel. The Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notice shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name and address; (ii) the case name and docket number—*In re: PurFoods, Inc.*

*Data Security Incident*, Case No. 4:23-cv-00332-RGE-SBJ (S.D. Iowa); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Deadline.

Any Settlement Class Member who fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order and Judgment if entered.

12.    **Claims Process**.  Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for benefits and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim

Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

13.     **Termination of Settlement**. This Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing before the Court entered this Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the appropriateness of certification of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.   **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.   **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.   **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
|---|---|
| **Settlement Administrator acting on behalf of Defendant Provides CAFA Notice required by 28 U.S.C. § 1715(b)** | Within 10 days after the filing of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement |
| **Defendant Provides Notice Information Specified in Settlement Agreement to Settlement Administrator** | No later than 14 days after entry of this Preliminary Approval Order |
| **Notice Commencement Date** | 45 days after entry of this Preliminary Approval Order. *Note:* If practicable, the Settlement Administrator may begin providing notice to Settlement Class Members before the Notice Commencement Date. |
|  |  |
| **Motion for Attorney's Fees, Reimbursement of Costs and Expenses, and Service Awards to be Filed by Class Counsel** | At least 14 days before the Objection Deadline |
| **Postmark Deadline for requests for Exclusion (Opt-Out) or Objections** | 60 days after the Notice Commencement Date |

| Event | Timing |
|---|---|
| **Postmark/Filing Deadline for Filing Claims** | 90 days after the Notice Commencement Date |
| **Motion for Final Approval to be Filed by Class Counsel** | At least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 120 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** on this ___ day of _____, 2024.

_____
**HONORABLE STEPHEN B. JACKSON, JR.**
**UNITED STATES CHIEF MAGISTRATE JUDGE**

# Exhibit D

**A proposed settlement has been reached in a class action lawsuit known as *In re: PurFoods, Inc. Data Security Litigation,* Case No. 4:23-cv-00332-RGE-SBJ ("Litigation"), filed in the United States District Court Southern District of Iowa (S.D. Iowa)**

**What is this about?** This case is known as *In re: PurFoods, Inc. Data Security Litigation,* Case No. 4:23-cv-00332-RGE-SBJ ("Litigation"), filed in the United States District Court for the Southern District of Iowa. The persons who sued are called the "Plaintiffs" or "Representative Plaintiffs" and the company they sued, PurFoods, Inc. ("PurFoods") is known as the "Defendant" in this case. This Litigation alleges that between January 16, 2023 and February 22, 2023, PurFoods was affected by a cyberattack (the "Data Incident") in which some personal information regarding some of PurFoods' customers, employees, and/or independent contractors may have been accessed, stolen, or compromised. In August and September of 2023, PurFoods sent notice of the Data Incident to approximately 1,249,219 individuals. Defendant denies any wrongdoing.

**Who is a Settlement Class Member?**

Settlement Class Member**:** All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

**What are the benefits?** The settlement provides the following benefits:
• **Documented Loss Payment:** Each Settlement Class Member may submit a claim for a Settlement Payment of up to $5,000.00 for reimbursement in the form of a Documented Loss Payment. Documented Losses must be reasonably related to the Data Incident or to mitigating the effects of the Data Incident, and may include, but are not limited to: (i) unreimbursed losses relating to fraud or identity theft; (ii) professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; (iii) costs associated with freezing or unfreezing credit with any credit reporting agency, and (iv) unreimbursed bank fees, long distance phone charges, postage, or gasoline for local travel.

**Cash Award:** A Settlement Class Member may, instead of making a claim for a Documented Loss Payment as described above, make a claim for a *pro rata* Cash Award, which will be calculated based on the amount remaining in the Settlement Fund after Documented Loss Payments and other expenses are paid. The Cash Award payments are estimated to be $75.00. A Cash Award shall not exceed $5,000.00.

**Credit Monitoring and Insurance Services:** Each Settlement Class Member who submits a valid and timely Claim Form may elect to receive three (3) years of three-bureau Credit Monitoring and Insurance Services regardless of whether they also make a claim for a Settlement Payment.

• **How to make a claim.** You must file a Claim Form by mail postmarked by <<Claims Deadline>>, and mailed to the Settlement Administrator's address below, or online at

www.PurFoodsDataSettlement.com by <<Claims Deadline>> to receive compensation from the settlement.

**What are my other rights?**

• **Do Nothing**: If you do nothing, you remain in the settlement. You give up your rights to sue but you will not get any compensation as a Settlement Class Member.

• **Exclude yourself**: You can get out of the settlement and keep your right to sue about the claims in this Litigation, but you will not get any compensation from the settlement. You must submit a Request for Exclusion to the Settlement Administrator by <<Opt-Out Date>>. Detailed instructions on how to exclude yourself can be found on the Long Notice found on the Settlement Website.

• **Object**: You can stay in the settlement but tell the Court why you think the settlement should not be approved. Your written objection must be submitted by <<Objection Date>>. Detailed instructions on how to object can be found on the Long Notice found on the Settlement Website.

• **Attend a hearing**: The Court will hold the Final Approval Hearing on <<Final Approval Hearing Date>> at <<Time>> a.m. ET, to consider whether the proposed settlement is fair, reasonable, and adequate, to consider Proposed Settlement Class Counsel's Fee Award and Costs of ($X,XXX,XXX) and request for a Service Award of $2,500 to each Representative Plaintiff, and to consider whether and if they should be approved. You may attend the hearing, with your own attorney, at your own expense, but you don't have to.

**This is only a summary**. For additional information, including a copy of the Settlement Agreement and other documents, visit the Documents section of the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator to update your address or contact information at *PurFoods, Inc. Data Incident,* c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

# Exhibit E

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| In re: PurFoods, Inc. Data Security Litigation | Case No.: 4:23-cv-00332-RGE-SBJ |

---

**[PROPOSED] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

---

Before the Court is Plaintiffs' unopposed motion requesting that the Court enter an Order granting Final Approval of the Class Action Settlement involving Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge (hereinafter "Representative Plaintiffs") and Defendant PurFoods, Inc. ("Defendant"), as fair, reasonable and adequate, awarding attorneys' fees and expenses to Settlement Class Counsel as outlined herein, and awarding service awards to Representative Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and the motions for final approval of the settlement, an award of attorneys' fees, expenses, and service awards to the Plaintiffs, and having conducted a final approval hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS,** on _____, the Court entered a Preliminary Approval Order which among other things: (a) conditionally certified this matter as a class action, including defining the classes and class claims, appointing Plaintiffs as Representative Plaintiffs, and appointing as Settlement Class Counsel Cafferty Clobes Meriwether & Sprengel LLP; Milberg

Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS,** pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on _____, 2025, the Court held a Final Approval Hearing to determine, *inter alia*:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees and costs to Settlement Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees and costs and expenses, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. The Settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint against Defendant that between January 16, 2023 and February 22, 2023, PurFoods was affected by a cyberattack (the "Data Incident") in which some personal information regarding some of PurFoods' customers, employees, and/or independent contractors may have been accessed, stolen, or compromised. Plaintiffs allege that the Data Incident directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.      Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

6.      The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

> A.      Defendant to pay the Total Settlement Consideration into a Settlement Fund, which payment represents the total extent of Defendant and Released Persons' monetary obligations under the Settlement Agreement.

> B.      The appointment of Kroll Settlement Administration as Settlement Administrator and the establishment of a claims administration process by

        which Settlement Class Members may submit claims for the benefits offered by the Settlement Agreement.

    C.    All costs of claims administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks, to be paid out of the Settlement Fund.

    D.    Payment to be made from the Settlement Fund, subject to the approval and award of the Court, of the reasonable attorneys' fees of Class Counsel and service awards to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8.    The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court.  Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, Final Approval Hearing, the application for attorneys' fees and costs and expenses, and the proposed service award payments to the Representative Plaintiffs have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.    The Court finds that the Notice was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

10.    The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11.      As of the Opt-Out deadline, ____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in Exhibit A to this Order. Those persons are not bound by this Order, as set forth in the Settlement Agreement.

12.      The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.      The parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

14.      Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15.      Within the time periods set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.      Pursuant to and as further described in the Settlement Agreement, upon the Effective Date, each of the Plaintiffs, the Settlement Class Members, and the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant and the Released Persons.  Further, upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any

recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. For avoidance of doubt, Released Claims does not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Representative Plaintiffs in the amount of $2,500.00 each as a service award for their efforts on behalf of the Settlement Class. The Settlement Administrator shall make such payments in accordance with the terms of the Settlement Agreement.

18.     The Court affirms the appointment of Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood as Settlement Class Counsel, and finds that they have adequately represented the interests of the Settlement Class.

19.     The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for combined attorneys' fees and expenses in the amount of $_____. Payment shall be made pursuant to the terms of the Settlement Agreement.

20.     Neither this Final Approval Order and Judgment, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, this Order, or the settlement (i) is or may be

deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of PurFoods or any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever (except insofar as those Orders specify events that shall occur if the Settlement Agreement is terminated); the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated nunc pro tunc, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). Further,

in such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any Party or Party's counsel. Finally, in such event, the Settlement Administrator shall be paid from the advance made by Defendant for any work completed, and balance of the advance as well as any other payments made by Defendant into the Settlement Fund shall be returned to Defendant.

22.   Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23.   Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24.   This Order resolves all claims against all parties in this action and is a final order.

25.   The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.


Dated: _____            _____

                                          **HONORABLE**
                                          **UNITED STATES DISTRICT JUDGE**