IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DOUGLAS, DOROTHY GOODON, DOROTHY ALEXANDER, STELLA KERITSIS, JOHNNIE JONES, YOLANDA BETTS, LOGAN ALDRIDGE, STEVEN D'ANGELO, RONALD EMMERT, CHRISTINE ASHE, VERNITA FORD, and DIANE YOUNG, ,<br><br>Plaintiffs,<br>v.<br><br>PURFOODS, LLC,<br><br>Defendant. | No. 4:23-cv-00332-RGE-SBJ<br><br>ORDER RE: PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

On October 22, 2025, counsel filed a Suggestion of Death as to Plaintiff Ronald Emmert. ECF No. 46. On October 25, 2024, Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Logan Aldridge, Steven D'Angelo, Christine Ashe, Vernita Ford, and Diane Young filed an unopposed Motion for Preliminary Approval of Class Action Settlement. ECF No. 49.

Federal Rule of Civil Procedure 25 governs the procedures to be followed when a party dies during the pendency of litigation:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). A "formal motion for substitution is required before the court may order substitution." *Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 25(a), the Court stays its review of the pending

Motion for Approval of Class Action Settlement until either Emmert's successor or representative move for substitution, or ninety days have lapsed since October 22, 2024.

**IT IS SO ORDERED.**

Dated this 31st day of October, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE