# **EXHIBIT 2**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL DOUGLAS, DOROTHY GOODON, DOROTHY ALEXANDER, STELLA KERITSIS, JOHNNIE JONES, YOLANDA BETTS, LOGAN ALDRIDGE, STEVEN D'ANGELO, RONALD EMMERT, CHRISTINE ASHE, VERNITA FORD, and DIANE YOUNG, | Case No.: 4:23-cv-00332-RGE-SBJ |
| Plaintiffs, | **PROPOSED ORDER GRANTING PLAINTIFFS' SECOND AMENDED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| PURFOODS, LLC, | |
| Defendant. | |

Before the Court is Plaintiffs' Second Amended Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. No. ____) (the "Motion"), the terms of which are set forth in the Amended and Superseding Settlement Agreement and Release with accompanying exhibits attached as Exhibit 1 to Plaintiffs' Motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby **GRANTS** the Motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

> All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

---

[1] The capitalized terms used herein shall have the same meaning as defined in the Settlement Agreement, attached to Doc. ___ as Exhibit 1, unless otherwise indicated.

The Settlement Class specifically excludes: (i) PurFoods and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed settlement as outlined in the Settlement Agreement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes only that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and the Representative Plaintiffs seek similar relief as the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.      **Representative Plaintiffs and Settlement Class Counsel**. The Court finds that Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Representative Plaintiffs. Additionally, the Court finds that Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3.      **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement Agreement is fair, reasonable, and adequate to warrant providing notice of the Settlement Agreement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement Agreement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement Agreement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.      **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.      **Final Approval Hearing**. A Final Approval Hearing shall be held on _____ _____, 202___, at _____, Courtroom_____ [or via telephone or videoconference] at _____ am/pm Central Time to determine, among other things, whether: (a)

this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement Agreement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for a Fee Award and Costs should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Representative Plaintiffs for Service Awards should be approved.

6.      **Settlement Administrator**. The Court appoints Kroll Settlement Administration as the Settlement Administrator, with responsibility for class notice and claims administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.      **Notice**. The proposed notice program set forth in Sections 3.3 and 3.4 of the Settlement Agreement and the Short Notice, Long Notice (collectively the "Notices") and Claim Form attached to the Settlement Agreement as Exhibits A, B, and D are hereby approved. Non-material modifications to these exhibits may be made with approval by the parties but without further order of the Court.

8.      **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the notice program (as set out in Sections 3.3 and 3.4 of the Settlement Agreement) and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed settlement, and their rights under the proposed Settlement Agreement,

4

including but not limited to their rights to object to or exclude themselves from the proposed Settlement Agreement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and 23(e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the notice program in conformance with Sections 3.3 and 3.4 of the Settlement Agreement.

9.      **Class Action Fairness Act Notice**. Within 10 days after the filing of the motion for preliminary approval of the settlement, the Settlement Administrator acting on behalf of PurFoods shall have served or caused to be served a notice of the proposed settlement on appropriate federal and state officials in accordance with the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10.      **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written Request for Exclusion to the Settlement Administrator at the address and in the manner provided in the Notices and the Settlement Agreement. Such Requests for Exclusion must meet the Opt-Out Date established by this Preliminary Approval Order and stated in the Notices.

Within 7 days after the Opt-Out Date, the Settlement Administrator shall provide the Parties with a complete and final list of all individuals who submitted timely and valid Requests for Exclusion and, upon request, copies of all completed Requests for Exclusions.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written Request for Exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely Requests for Exclusion shall not be entitled to receive any benefits from the Settlement Agreement.

11.     **Objections and Appearances**. A Settlement Class Member who does not file a valid and timely Request for Exclusion may file with the Court a notice of intent to object to the Settlement Agreement. The Long Notice shall instruct Settlement Class Members who wish to object to the Agreement to file their objection with the Court and mail a copy of their objection to the Settlement Administrator, Settlement Class Counsel, and PurFoods' Counsel. The Long Notice shall make clear that the Court can only approve or deny the Settlement Agreement and cannot change the terms. The Notices shall advise Settlement Class Members of the deadline for submission of any objections. Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the objector's full name and address; (ii) the case name and docket number—*Douglas, et al. v. PurFoods, LLC*, Case No. 4:23-cv-00332-RGE-SBJ (S.D. Iowa); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable and any supporting documents; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vi) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the

objection. To be timely, written notice of an objection in the appropriate form must be filed or postmarked no later than the Objection Date.

Any Settlement Class Member who fails to comply with the objection provisions in this Preliminary Approval Order will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the Settlement Agreement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this Litigation, including but not limited to the release set forth in the Final Approval Order and Judgment if entered.

12.    **Claims Process**.  Settlement Class Counsel and PurFoods have created a process for Settlement Class Members to claim benefits under the Settlement Agreement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Settlement Agreement and Notices.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for benefits and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notices and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement Agreement but fail to submit a claim in accordance with the requirements and procedures specified in the Notices and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

13.    **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the parties, all of whom shall be restored

to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Settlement Agreement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement Agreement shall be used or referred to for any purpose whatsoever.

14.    **Use of Preliminary Approval Order**. This Preliminary Approval Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the appropriateness of certification of any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiffs or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

15.    **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement Agreement, with such modifications as may be agreed upon by the parties, if appropriate, without further notice to the Settlement Class.

17.    **Stay of Litigation.** All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17.    **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| Event | Timing |
| --- | --- |
| **Settlement Administrator Acting on Behalf of Defendant Provides CAFA Notice Required by 28 U.S.C. § 1715(b)** | Within 10 days after filing the Motion for Preliminary Approval |
| **Defendant Provides Notice Information Specified in Settlement Agreement to Settlement Administrator** | No later than 14 days after entry of this Preliminary Approval Order |
| **Notice Commencement Date** | 45 days after entry of this Preliminary Approval Order.<br><br>*Note:* If practicable, the Settlement Administrator may begin providing notice to Settlement Class Members before the Notice Commencement Date. |
| **Motion for Fee Award and Costs, and Service Awards to be Filed by Settlement Class Counsel** | At least 14 days before the Objection Deadline |
| **Postmark Deadline for Requests for Exclusion (Opt-Out) or Objections** | 60 days after the Notice Commencement Date |
| **Postmark/Filing Deadline for Filing Claims** | 90 days after the Notice Commencement Date |
| **Motion for Final Approval to be Filed by Settlement Class Counsel** | At least 14 days before the Final Approval Hearing |
| **Final Approval Hearing** | No earlier than 120 days after entry of this Preliminary Approval Order |

**DONE AND ORDERED** on this ___ day of _____, 2025.

_____
**HONORABLE REBECCA GOODGAME EBINGER**
**UNITED STATES JUDGE**