# **EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL DOUGLAS, DOROTHY GOODON, DOROTHY ALEXANDER, STELLA KERITSIS, JOHNNIE JONES, YOLANDA BETTS, LOGAN ALDRIDGE, STEVEN D'ANGELO, CHRISTINE ASHE, VERNITA FORD, and DIANE YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>PURFOODS, LLC,<br><br>Defendant. | No. 4:23-cv-00332-RGE-SBJ |

**DECLARATION OF GARY M. KLINGER IN SUPPORT OF
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Gary M. Klinger, being competent to testify, make the following declaration:

I am a senior partner of the law firm Milberg Coleman Bryson Philips Grossman, PLLC ("Milberg"). I have been appointed Settlement Class Counsel for Plaintiffs in this matter, along with Cafferty Clobes Meriwether & Sprengel LLP; Siri & Glimstad LLP; and Federman & Sherwood. I submit this declaration in support of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement. The contents of this declaration are based upon my own personal knowledge, and I could competently testify to them if called upon to do so.

1.  Settlement Class Counsel are accomplished litigators, particularly in the field of data breach litigation. The firms comprising Settlement Class Counsel have served as lead counsel or co-lead counsel in scores of class action cases across the United States, including data breach class action. Settlement Class Counsel worked together to research the facts of this Litigation, prepare the Plaintiffs' claims against Defendant PurFoods ("PurFoods" or "Defendant"),

1

consolidate the numerous related actions into one, and work with opposing counsel to engage in meaningful informal discovery and settlement discussions. From their experience, expertise, time, and resources, they were able to secure a favorable class action settlement that is memorialized in the Settlement Agreement.

2. The Parties engaged in extensive factual and legal research on the issues raised in the Complaint. Shortly after Plaintiffs filed their Complaint, the Parties by and through their respective counsel, began discussing the possibility for resolution and agreed that a relatively early resolution was potentially warranted. Over the next few months, the Parties engaged in extensive arm's-length settlement negotiations and informal discovery.

3. In addition to and in preparation for negotiations, in order for the Parties to evaluate the strengths and weaknesses of Plaintiffs' claims and Defendant's defenses, Settlement Class Counsel researched publicly available information related to the Data Incident, the merits of Plaintiffs' claims, issues relating to class certification, and discussed and disputed, with counsel for Defendant, their respective positions regarding the same.

4. The Settlement Agreement reached by the Parties was negotiated at arm's length, and is the result of hard bargaining, including a full-day mediation session with Jill Sperber, Esq. of Judicate West, on May 6, 2024. The settlement provides all Settlement Class Members with the ability to receive both monetary and non-monetary benefits due to their Private Information being compromised in the Data Incident.

5. After the Parties were able to reach terms on the key terms of relief to the Settlement Class, the Parties were able to reach agreement on an appropriate Service Award for Representative Plaintiffs and attorneys' fees and expenses for Settlement Class Counsel's efforts

in this Litigation. The Parties then reduced the term sheet to writing and finalized the term sheet. The term sheet then was used to build and draft the Settlement Agreement and Release.

6. Although Plaintiffs are confident in the merits of their claims, the risks involved in prosecuting a class action through trial cannot be disregarded. Myself and co-counsel have substantial experience, and recognize the high level of risk, expense, and complexity of class litigation, which is one reason that judicial policy so strongly favors resolving class actions through settlement. This is not only a complex case, but also it is in an especially risky field of litigation. Data breach cases continue to be among the most risky and uncertain of all class action litigation. Many data breach cases are dismissed at the motion to dismiss or summary judgment stage, or they fail to obtain class certification over the defendant's objection.

7. Through the Settlement, Plaintiffs and Class Members gain significant benefits without having to incur further risk. Moreover, the cost of trial and any appeals would be significant and would delay the resolution of this Litigation without the guarantee of any relief.

8. Previously, the Court found that it would "likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a) and (b)(3)." Preliminary Approval Order (the "Order"), Dkt. No. 59, at 2. Since the Court entered the Order, there has been no intervening change in law or fact to disturb the Court's initial finding.

9. Plaintiffs have been active participants in this case, and have remained informed and involved in this litigation, and spent substantial time and effort protecting the Class's interests. Plaintiffs provided information to Settlement Class Counsel that formed the basis of the claims in the Litigation, including the individual notices of the Data Incident and their personal experiences and alleged injuries arising therefrom.

10.     Plaintiffs have no conflicts of interest with other Settlement Class Members, are subject to no unique defenses, and have and continue to vigorously prosecute this case on behalf of the Settlement Class. Accordingly, Service Awards of $2,500 to each Plaintiff are reasonable given the efforts of each Plaintiff on behalf of the Class in this matter.

11.     In accordance with this Court's Orders (Dkt. Nos. 62, 64, 67), Settlement Class Counsel reached out to all four individuals who attempted to file claims with the Court rather than with the Settlement Administrator. Class Counsel confirmed that three of the four individuals have since filed a claim with the Settlement Administrator. Settlement Class Counsel reached out to the fourth individual, Johnnie Brown, informing her that her claim must be filed with the Settlement Administrator. Ms. Brown response was not clear, but seemed to indicate that she may have intended for her filing (ECF No. 66) to act as an objection. As such, Settlement Class Counsel has construed her filing as an objection to the Settlement.

I declare that the foregoing is true and accurate to the best of my knowledge. Executed this 6 November 2025 in Chicago, Illinois.

                                                                                 */s/ Gary M. Klinger*
                                                                                 Gary M. Klinger