**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL DOUGLAS, DOROTHY GOODON, DOROTHY ALEXANDER, STELLA KERITSIS, JOHNNIE JONES, YOLANDA BETTS, LOGAN ALDRIDGE, STEVEN D'ANGELO, CHRISTINE ASHE, VERNITA FORD, and DIANE YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>PURFOODS, LLC,<br><br>Defendant. | No. 4:23-cv-00332-RGE-SBJ<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement requesting that the Court enter an order granting final approval of the Settlement Agreement[1] involving Plaintiffs Michael Douglas, Dorothy Goodon, Dorothy Alexander, Stella Keritsis, Johnnie Jones, Yolanda Betts, Steven D'Angelo, Christine Ashe, Vernita Ford, Diane Young, and Logan Aldridge (hereinafter "Plaintiffs" or "Representative Plaintiffs") and Defendant PurFoods, LLC ("PurFoods" or "Defendant") (together with Plaintiffs, the "Parties"), as fair, reasonable and adequate, awarding a Fee Award and Costs to Settlement Class Counsel as outlined herein, and awarding Service Awards to Representative Plaintiffs as detailed below.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Dkt. No. 65), and having conducted a Final Approval Hearing, the

---

[1] The capitalized terms used herein shall have the same meaning as those defined in the Amended and Superseding Settlement Agreement and Release (Dkt. No. 57-1) (also referred to herein as the "S.A.").

Court makes the findings and grants the relief set forth below approving the Settlement Agreement upon the terms and conditions set forth in this Final Approval Order and Judgment.

**WHEREAS,** the Settlement Agreement concerns allegations in Plaintiffs' Consolidated Class Action Complaint (Dkt. No. 30) that between January 16, 2023, and February 22, 2023, PurFoods was affected by a cyberattack (the "Data Incident") in which some personal information regarding some of PurFoods' customers, employees, and/or independent contractors may have been accessed, stolen, or compromised. Plaintiffs allege that the Data Incident directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

**WHEREAS,** on June 17, 2025, the Court entered a Preliminary Approval Order that, among other things: (a) conditionally certified this matter as a class action, including defining the Settlement Class, appointing Plaintiffs as Representative Plaintiffs, and appointing Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood as Settlement Class Counsel; (b) preliminarily approved the Settlement Agreement; (c) approved the form and manner of Short Notice, Long Notice, and Notice Program to the Settlement Class; (d) set the Objection Date and Opt-Out Date; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, the right of Settlement Class Members to submit a Request for Exclusion, and the right of Settlement Class Members file an objection to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS,** on November 20, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair,

reasonable, and adequate for the release of the claims set forth in the Settlement Agreement; and (2) whether a Final Approval Order and Judgment should be entered dismissing this action with prejudice. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement Agreement, the Fee Award and Costs to Settlement Class Counsel, and the payment of Service Awards to the Representative Plaintiffs;

**WHEREAS,** the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS,** the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class. Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentations of Settlement Class Counsel and PurFoods' Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for a Fee Award and Costs, and the application for Service Awards to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all Parties thereto, including the Settlement Class Members.

2. The Settlement Agreement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Final Approval Order and Judgment with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and, for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, hereby finally certifies the following Settlement Class:

> All residents of the United States who were sent notice that their personal information may have been accessed, stolen, or compromised as a result of the Data Incident.

The Settlement Class specifically excludes: (i) PurFoods and its respective officers and directors; (ii) any Person who would otherwise be a member of the Settlement Class but who timely and validly requests exclusion from the Settlement Class; (iii) the Judge and Magistrate Judge assigned to evaluate the fairness of this settlement, the Court's staff, and the Court's immediate family members; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads nolo contendere to any such charge.

5. The Court finds that the Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive. The Settlement Agreement is in the best interests of the Settlement Class Members and is therefore approved. The Court finds that the parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests

of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

6.  The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms contained therein, for:

   A. Defendant to pay the Total Settlement Consideration into a Settlement Fund, which payment represents the total extent of Defendant's and Released Persons' monetary obligations under the Settlement Agreement.

   B. The appointment of Kroll Settlement Administration LLC as Settlement Administrator and the establishment of a claims administration process by which Settlement Class Members may submit claims for the benefits offered by the Settlement Agreement.

   C. All Costs of Settlement Administration to be paid out of the Settlement Fund.

   D. Payment to be made from the Settlement Fund, subject to the approval and award of the Court, of the Fee Award and Costs of Settlement Class Counsel and the Service Awards to the Representative Plaintiffs.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and 23(b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

7. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement Agreement, the rights of Settlement Class Members under the Settlement Agreement, the Final Approval Hearing, the application for Fee Award and Costs, and the proposed Service Award payments to the Representative Plaintiffs have been provided to Settlement Class Members as directed by this Court's Order(s), and proof that the Notice Program, as set forth in the Settlement Agreement, has been executed has been filed with the Court.

8. The Court finds that the Notice Program, as set forth in the Settlement Agreement, was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

9. The Court finds that PurFoods has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10. As of the Opt-Out Date, two (2) potential Settlement Class Members have requested to be excluded from the Settlement Class. Their names are set forth in **Exhibit A** to this Final Approval Order and Judgment. Those persons are not bound by this Final Approval Order and Judgment or the terms of the Settlement Agreement.

11. As of the Objection Date, the Settlement Administrator received one (1) objection. The objection is overruled, as it does not state a valid basis for objecting and failed to comply with the mandatory objection procedures set forth in Paragraph 5.1 of the Settlement Agreement.

12. The Court has considered all the documents filed in support of the Settlement Agreement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence

received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

13.     The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

14.     Pursuant to the Settlement Agreement, PurFoods, the Settlement Administrator, and Settlement Class Counsel shall implement the settlement in the manner and time frame as set forth therein.

15.     Within the time periods set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

16.     Pursuant to and as further described in the Settlement Agreement, upon the Effective Date, each of the Plaintiffs, the Settlement Class Members, and the Releasing Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against PurFoods and the Released Persons. Further, upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. For avoidance of doubt, Released Claims does not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the Settlement Agreement and shall not include any claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

17. Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves payments to Representative Plaintiffs in the amount of $2,500.00 each as a Service Award for their efforts on behalf of the Settlement Class. The Settlement Administrator shall make such payments in accordance with the terms of the Settlement Agreement.

18. The Court affirms the appointment of Cafferty Clobes Meriwether & Sprengel LLP; Milberg Coleman Bryson Phillips Grossman PLLC; Siri & Glimstad LLP; and Federman & Sherwood as Settlement Class Counsel and finds that they have adequately represented the interests of the Settlement Class.

19. The Court, after careful review of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees in the amount of $1,416,666.67 and expenses in the amount of $13,167.18. Payment shall be made pursuant to the terms of the Settlement Agreement.

20. Neither this Final Approval Order and Judgment, the Settlement Agreement, the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement, this Final Approval Order and Judgment, or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of PurFoods or any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may

be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever (except insofar as those Orders specify events that shall occur if the Settlement Agreement is terminated); the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the parties shall be restored to their respective positions in the Litigation, as if the parties never entered into the Settlement Agreement (without prejudice to any of the parties' respective positions on the issue of class certification or any other issue). Further, in such event, the parties will jointly request that all scheduled Litigation deadlines be reasonably extended by the Court, so as to avoid prejudice to any party or party's counsel. Finally, in such event, the Settlement Administrator shall be paid from the advance made by PurFoods for any work completed, and balance of the advance as well as any other payments made by PurFoods into the Settlement Fund shall be returned to PurFoods.

22.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

24.     This Final Approval Order and Judgment resolves all claims by and against all parties in this action and is a final order.

25.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

Dated: _____          _____
                                  **HONORABLE REBECCA GOODGAME EBINGER**
                                  **UNITED STATES JUDGE**

# Exhibit A

# Exclusion List

| Count | First Initial | Last Name |
|---|---|---|
| 1 | D | LOVE |
| 2 | C | JONES |